**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHERYL BAGGETT, individually and on behalf of a class of persons similarly situated, | ) ) ) | |
| | ) | Case No. |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| WELLS FARGO BANK, N.A., | ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) ) | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff, Cheryl Baggett ("Plaintiff"), individually and on behalf of a class of persons similarly situated, by her undersigned counsel, for her Collective and Class Action Complaint against Defendant Wells Fargo Bank, N.A. ("Defendant"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.  This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (the "FLSA"), and Missouri law for those persons who, like Plaintiff, worked for Defendant in Missouri, arising from Defendant's failure to pay Plaintiff and other similarly situated persons all overtime pay for all time worked in excess of forty (40) hours per week.

2.  A company owned to and controlled by Defendant provides brokerage and retail financial advising services under the name Wells Fargo Advisors.

3.  Defendant employs call center workers such as Plaintiff who work as telephone-dedicated employees in call centers handling telephone calls where they provide online web support for Wells Fargo Financial Advisors and Wells Fargo retail customers.  Plaintiff worked at such a call center in St. Louis, Missouri from approximately December 2008 to April 2017.

Defendant also operates call centers in Charlotte, North Carolina and Salt Lake City, Utah where the telephone-dedicated employees perform the same work as the telephone-dedicated employees in Defendant's St. Louis, Missouri call center.

4.      Plaintiff and similarly situated employees had to be ready to handle a call at the start of their scheduled shift times.  In order to be ready to handle a call, Plaintiff and similarly situated employees had to first boot up their computers and open various software programs necessary for handling a call.

5.      Plaintiff and similarly situated employees had to be available to handle calls until the end of their scheduled shift time.

6.      Defendant knowingly required and/or permitted Plaintiff and other similarly situated telephone-dedicated employees to perform unpaid work before and after their scheduled shift times.  This unpaid work includes but is not limited to booting up computers, initializing several software programs, reading company issued emails and instructions at the beginning of their shifts, and completing customer service calls, securing their workstations, locking their desk drawers, and securing any customer or proprietary information at the end of their shifts.

7.      The amount of uncompensated time Plaintiff and those similarly situated to her spend or have spent on these unpaid work activities averages approximately 15 or more minutes per day.

8.      Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay. *See* 29 U.S.C. § 207(a).

9.      Plaintiff brings her FLSA overtime claims as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of telephone-dedicated employees who worked for Defendant at call centers

operated by Wells Fargo in St. Louis, Missouri, Charlotte, North Carolina and Salt Lake City, Utah and, possibly, elsewhere.  Plaintiff brings her Missouri state law claims on behalf of herself and all others similarly situated in Missouri pursuant to the Missouri Minimum Wage Law, R.S.Mo. § 290.500 *et seq*., Missouri common law and Federal Rule of Civil Procedure 23.

## JURISDICTION AND VENUE

10.    Plaintiff, on behalf of herself and all other similarly situated non-exempt employees, brings this action to recover from Defendant unpaid minimum and/or overtime wages, liquidated damages, statutory penalties, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (Count I), the Missouri Minimum Wage Law, R.S.Mo. § 290.500 *et seq*. (Count II) and Missouri common law (Counts III, IV and V).

11.    Jurisdiction is conferred by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), on the basis of federal question jurisdiction, as the matter concerns an action arising under the laws of the United States.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

12.    Venue is proper in this Court as the illegal conduct alleged herein occurred in this district.

## THE PARTIES

13.    Plaintiff Baggett is an individual who Defendant employed from December 2008 to April 2017 as an hourly, non-exempt, telephone-dedicated employee at a call center located in St. Louis, Missouri.  Plaintiff Baggett resides in and is domiciled within this judicial district.  Plaintiff is seeking recovery of overtime owed to her during the time she worked for Defendant at the call center located in St. Louis, Missouri.  A copy of Plaintiff's consent form is attached hereto as Exhibit 1.

14.    Defendant is an international bank that offers services related to banking, loans and credit, insurance, investing and wealth management.  Defendant operates telephone call centers in St. Louis, Missouri, Charlotte, North Carolina and Salt Lake City, Utah and, possibly, in other locations where telephone-dedicated hourly employees handle phone calls regarding online web support issues with both Wells Fargo financial advisors and retail customers who receive financial advising services.

15.    Defendant employed Plaintiff and other similarly situated persons as "employees," as that term is defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

16.    At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because it has had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

17.    Furthermore, Defendant has had, and continues to have, an annual gross business volume in excess of $500,000.

18.    At all relevant times, Defendant was an "employer" of Plaintiff and other similarly situated persons, as that term is defined by Section 203(d) of the FLSA, 29 U.S.C. § 203(d).

19.    At all material times, Plaintiff and the putative collective and class were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

20.    Further, at all material times, Defendant has operated as a "single enterprise" within the meaning of 3(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendant performs related activities through unified operation and common control for a common business purpose. *See Brennan v. Arnheim and Neely, Inc*., 410 U.S. 512, 515 (1973).

## FACTUAL ALLEGATIONS

**A.      Defendant's Practice of Requiring and/or Permitting Telephone-Based Hourly Employees to Work Before the Start of and After the End of Their Scheduled Shift Time**

21.      Plaintiff regularly worked 40 hours or more during her tenure at the call center in St. Louis, Missouri.  Defendant was paying Plaintiff an hourly rate of $15.25 when she stopped working in 2017.

22.      Defendant's policy and practice permits and/or requires telephone-based employees to be logged into their phones by the employee's scheduled start time.

23.      At the call centers located in St. Louis, Missouri, Charlotte, North Carolina and Salt Lake City, Utah and, possibly, elsewhere, Defendant required Plaintiff and similarly situated phone-based employees to be ready to handle a call at the start of their scheduled shift time.

24.      In order to be ready to handle a call, Plaintiff and similarly situated telephone-dedicated employees had to be logged into the telephone systems and call queue.  In order to be logged into the telephone systems and call queue, Defendant required and/or permitted Plaintiff and similarly situated telephone-based employees to arrive at their work station prior to their scheduled shift time and boot up computers, initialize several software programs, and read company emails and/or instructions.

25.      Defendant's policy and practice results in telephone-based employees, including the Plaintiff, booting up their computers, opening and initializing several software programs and/or reading company emails and instructions prior to their start of their scheduled shift time.

26.      Defendant's policy and practice disciplines telephone-based employees if they are not logged into their phones and ready to handle calls by the start of their scheduled shift time.

27.      Defendant did not instruct Plaintiff and similarly situated telephone-based

employees to not log into their computers or telephone, or to not read company emails prior to the start of their scheduled shift time.  Rather, Defendant required, permitted and/or allowed Plaintiff and the putative class members to work prior to and after their scheduled shift time.

28.    At the end of their shift, Plaintiff and similarly situated phone-based employees at the call centers located in St. Louis, Missouri, Charlotte, North Carolina and Salt Lake City, Utah and, possibly, elsewhere were expected to be available to handle a call until the end of their scheduled shift time.  As a result, Plaintiff and similarly situated telephone-based employees regularly worked past the end of their scheduled shift times when they logged off their software programs and computers and secured their work stations and Wells Fargo's customer and proprietary information pursuant to Wells Fargo's policies and practices.

29.    Plaintiff and similarly situated phone-based employees at the call centers in St. Louis, Missouri, Charlotte, North Carolina and Salt Lake City, Utah and, possibly, elsewhere had their pre- and/or post-shift work rounded away from their pay and were regularly not paid for some or all of their work activities prior to the beginning of their shifts or after the end of their shifts.

30.    Prior to starting work on the call center floor, Plaintiff and other similarly situated telephone-based employees were and are interviewed by employees and managers of Defendant.

31.    Defendant had the power to hire and fire Plaintiff and other persons similarly situated.  Defendant controlled and set the schedules for Plaintiff and similarly situated telephone-dedicated workers.

32.    At the Wells Fargo call center where Plaintiff Baggett worked, Defendant had managers on the floor of the call center during the workday, managing the work activities of the Plaintiff and other similarly situated persons.

33.    Defendant does not allow telephone-based employees to use its phones and

computers for any personal use.  Additionally, Defendant generally prohibits and does not allow telephone-based employees to use their own personal cell phones on the call center floor.  Under Defendant's policies and practices, telephone-based employees are required to store their personal cell phones during the work day and can generally only use them on breaks and off the call center floor.

### B.      *Defendant Knew of and Assented to the Unpaid Work*

34.     Defendant monitored, directed and controlled the work activities of Plaintiff and other similarly situated persons, including the unpaid work at issue.

35.     At the call center in St. Louis, Missouri where Plaintiff worked, Wells Fargo's supervisors and team leads on the call center floor could and did regularly see with their own eyes that Plaintiff and similarly situated telephone-based employees arrived at their work stations before the start of their scheduled shift time, logged into Defendant's computers, and began working on their computers prior to the start of their scheduled shift time.

36.     At the call center where Plaintiff worked, Defendant's supervisors and team leads on the call center floor could and did regularly see with their own eyes that Plaintiff and similarly situated telephone-based employees worked past the end of their scheduled shift time handling phone calls and securing their work stations.

37.     Despite seeing and knowing that Plaintiff and similarly situated telephone-based employees performed work at their work stations prior to and after their scheduled shift times, Defendant and its supervisors and team leads on the floor of the call center did not make any effort to stop or otherwise disallow this unpaid work and instead allowed and permitted it to happen.

38.     Defendant possesses, controls and/or has access to information and electronic data that shows the times Plaintiff and similarly situated telephone-based employees logged into and

7

out of their computers each day and the time they logged into and out of their telephone systems each day.

39.     By possessing, controlling and/or accessing this information, Defendant knew that Plaintiff and similarly situated telephone-based employees worked prior to the start and after the end of their scheduled shift time.

40.     Despite having this information and knowing that Plaintiff and similarly situated telephone-based employees logged into their computers, initialized necessary software programs, and read company issued emails and instructions prior to the start of their scheduled shift time, and despite requiring and/or allowing them to handle a call up until the end of their scheduled shift time, Defendant did not make any effort to stop or otherwise disallow the pre- or post-shift work and instead allowed and permitted it to happen.

41.     Defendant knowingly required and/or permitted Plaintiff and those similarly situated to him to perform unpaid work before and after the start and end times of their shifts, including booting up computers, initializing several software programs, and reading company issued emails and instructions prior to the start of their scheduled shift time, as well as completing customer service calls, closing down the software programs, logging off the system, securing their workstations, locking their desk drawers, and securing any customer or proprietary information after the end of their scheduled shift times.

42.     The amount of uncompensated time Plaintiff and those similarly situated to her spend or have spent on these required and unpaid work activities averages approximately 15 minutes per day and frequently more.

C.   **Defendant's Failure to Pay Overtime Wages to Its Telephone-Based Hourly Employees**

43.   Defendant determined the rate of pay for Plaintiff and other similarly situated persons.

44.   Defendant's managers and supervisors reviewed and approved Plaintiff and other similarly situated persons' time records prior to receiving their paychecks.

45.   Defendant supervised and controlled the work schedule of Plaintiff and other similarly situated persons.

46.   Plaintiff and those employees similarly situated are individuals who were, or are, employed by Defendant in similar phone-based positions and who had their pre- and/or post-shift work rounded away from their pay and were not paid for some or all of their work activities prior to the beginning of their shifts or after the end of their shifts.

47.   Plaintiff and the other employees are also similar because Defendant did not pay them for all time they actually worked.

48.   The net effect of Defendant's policies and practices, instituted and approved by company managers and supervisors, is that Defendant willfully failed to pay overtime compensation to Plaintiff and others similarly situated, and willfully failed to keep accurate time records to save payroll costs.  Defendant thus enjoyed ill-gained profits at the expense of its hourly employees.

49.   Plaintiff and others similarly situated at times work or worked in excess of forty hours per week for Defendant in a given workweek.

50.   Defendant's policy and practice of requiring and/or permitting its employees, including Plaintiff and other non-exempt, hourly employees, to perform work without pay for such work performed, violates Sections 6 and 7 of the FLSA, 29 U.S.C. § 206 and 207, and, with respect

to Defendant's employees who worked in Missouri, the Missouri Minimum Wage Law, R.S.Mo. § 290.500 *et seq*. (Count II) and Missouri common law (Counts III, IV and V).

51.     Defendant's failure to compensate its non-exempt, hourly call center employees with the full amount of the applicable regular wage or overtime wage has caused Plaintiff and other similarly situated non-exempt call center employees to suffer harm.

52.     Defendant's non-exempt, call center hourly employees are entitled to compensation for all time they worked without pay in any given workweek.

## COLLECTIVE ACTION ALLEGATIONS

53.     Plaintiff brings Count I of this Complaint as a collective action on behalf of herself and all other current and former hourly employees of Defendant at its call center in St. Louis, Missouri, Charlotte, North Carolina and Salt Lake City, Utah and, possibly, elsewhere who Defendant required and/or permitted to perform the work described herein without pay at any time during the three years prior to the commencement of the action to present at call centers owned by Wells Fargo.

54.     Defendant's policy and practice of requiring its employees to perform work without pay in many instances has caused and continues to cause Plaintiff and certain other similarly situated hourly employees to work in excess of forty hours per week, without being properly compensated at a wage of 1.5 times their respective hourly rate for such work performed, as required by Section 7 of the FLSA, 29 U.S.C. § 207.

55.     Plaintiff has actual knowledge that FLSA Collective Members have also been denied overtime pay for hours worked over forty hours per workweek.  That is, Plaintiff worked with other telephone-dedicated employees who worked at the call center in St. Louis, Missouri.

10

As such, she has first-hand personal knowledge that the same pay violations occurred to other collective members.

56.     Other employees similarly situated to Plaintiff work or have worked at Defendant's call centers, but were not paid overtime at the rate of one and one-half times their regular rate when those hours exceeded forty hours per workweek.

57.     Although Defendant required and/or permitted the FLSA Collective Members to work in excess of forty hours in a workweek, Defendant has denied them full compensation for their hours worked over forty.  Defendant has also denied them full compensation at the federally mandated minimum wage rate.

58.     FLSA Collective Members perform or have performed the same or similar work as Plaintiff.

59.     FLSA Collective Members regularly work or have worked in excess of forty hours during a workweek.

60.     FLSA Collective Members are not exempt from receiving overtime pay at the federally mandated wage rate under the FLSA.

61.     As such, FLSA Collective Members are similar to Plaintiff in terms of job duties, pay structure, and the denial of overtime wages.

62.     Defendant's failure to pay the overtime compensation wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the FLSA Collective Members.

63.     The experiences of Plaintiff, with respect to her pay, are typical of the experiences of the FLSA Collective Members.

64.     The specific job titles or precise job responsibilities of each FLSA Collective Member do not prevent collective treatment of the putative FLSA collective described in this Complaint.

65.     All FLSA Collective Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

66.     Although the exact amount of damages may vary among FLSA Collective Members, the damages for the FLSA Collective Members can be easily calculated by a simple formula. The claims of all FLSA Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Collective Members.

67.     As such, Plaintiff brings her FLSA overtime claim as a collective action on behalf of the following collective, and Plaintiff's Counsel seek to send notice of this lawsuit to the following described persons:

> All persons who worked for Defendant as telephone-dedicated employees, however titled, who were compensated, in part or in full, on an hourly basis at Defendant's call centers at any time between three years preceding the filing of this Complaint and the present who did not receive the full amount of overtime wages earned and owed to them (the "FLSA Collective").

68.     There are questions of law or fact common to the employees described in paragraph 67.

69.     Plaintiff is similarly situated to the employees described in paragraph 67, as Plaintiff's claims are typical of the claims of those persons.

70.     Plaintiff's claims or defenses are typical of the claims or defenses of the persons described in paragraph 67.

71.     This is not a collusive or friendly action.  Plaintiff has retained counsel experienced in complex employment litigation, and Plaintiff and her counsel will fairly and adequately protect the interests of the persons described in paragraph 67.

72.     A collective action is the most appropriate method for the fair and efficient resolution of the matters alleged in Count I.

73.     At all relevant times, Defendant employed Plaintiff and the persons described in paragraph 67.

74.     At all relevant times, Defendant paid Plaintiff and the persons described in paragraph 67 to work.

75.     At all relevant times, Defendant has been an "employer" of Plaintiff and the persons described in paragraph 67, as the term "employer" is defined by Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

76.     At all relevant times, Plaintiff and the persons described in paragraph 67 have been "employees" of Defendant as defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

## CLASS ACTION ALLEGATIONS

77.     Plaintiff brings Counts II, III, IV and V as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all other current and former hourly employees of Defendant at the St. Louis, Missouri call center where Plaintiff worked who Defendant required and/or permitted to perform the unpaid work described herein.

78.     The Missouri Wage and Hour claims (Mo. Rev. Stat. § 290.500, *et seq.*) are brought against Defendant under Rule 23 of the Federal Rules of Civil Procedure as a Missouri state-wide class action. Said class consists of telephone-dedicated employees who are currently working for or who have worked for the Defendant at any time during the two years preceding the filing of the

original Complaint. Said claims include a class that consists of all current and former hourly telephone-dedicated employees who were required and/or permitted to work without compensation. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a class basis challenging Defendant's failure to properly compensate for all hours worked and overtime wages.

79.    The Breach of Contract claims are brought against Defendant under Rule 23 of the Federal Rules of Civil Procedure as a Missouri state-wide class action. Said class consists of telephone-dedicated employees who are currently working for or who have worked for Defendant at any time during the last five years. Said claims include a class that consists of all current and former hourly telephone-dedicated employees who were required and/or permitted to work without pay before and/or after their scheduled shift times. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a class basis challenging Defendant's failure to properly compensate for all hours worked and to pay straight time and/or overtime wages.

80.    The quantum meruit claims are brought against Defendant under Rule 23 of the Federal Rules of Civil Procedure as a Missouri state-wide class action. Said class consists of telephone-dedicated employees who are currently working for or who have worked for Defendant at any time during the last five years. Said claims include a class that consists of all current and former hourly telephone-dedicated employees who were required and/or permitted to work without pay before and/or after their scheduled shift times. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a class basis challenging Defendant's failure to properly compensate for all hours worked and to pay straight time and/or overtime wages.

81.    The unjust enrichment claims are brought against Defendant under Rule 23 of the Federal Rules of Civil Procedure as a Missouri state-wide class action. Said class consists of

14

telephone-dedicated employees who are currently working for or who have worked for Defendant at any time during the last five years. Said claims include a class that consists of all current and former hourly telephone-dedicated employees who were required and/or permitted to work without pay before and/or after their scheduled shift times. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a class basis challenging Defendant's failure to properly compensate for all hours worked and to pay straight time and/or overtime wages.

82.     Plaintiff seeks certification of the following class pursuant to Count II, III, IV and V:

> All persons who worked for Defendant as telephone-dedicated employees at the St. Louis, Missouri call center where Plaintiff worked in the position of call center representative or the functional equivalent of that job title, and who Defendant compensated, in part or in full, on an hourly basis at any time between January 17, 2014 and the present who did not receive the full amount of regular or overtime wages earned and owed to them as a result of Defendant's wage practices (the "Rule 23 Class").

83.     There are questions of law or fact common to the employees described in the putative Rule 23 Class. Those questions include, but are not limited to, whether Defendant maintained a common policy or practice of with regard to the compensation of members of the Rule 23 Class and whether Defendant agreed to compensate Plaintiff and similarly situated employees for all hours worked, including overtime.

84.     Plaintiff is similarly situated to the employees described in the Rule 23 Class as Plaintiff's claims are typical of the claims of those persons. Plaintiff, like others described in the Rule 23 Class, was subjected to Defendant's common practice and policy of not paying for all pre- and post-shift hours worked and overtime compensation earned.

85.     Plaintiff believes that the number of employees who fall within the class definition set forth in paragraph 82 exceeds 45.  Therefore, the number of persons in the putative Class is so

numerous that joinder of all members is impracticable.

86.    Plaintiff's claims or defenses are typical of the claims or defenses of the persons described in the Rule 23 Class.

87.    This is not a collusive or friendly action.  Plaintiff has retained counsel experienced in complex employment litigation, and Plaintiff and her counsel will fairly and adequately protect the interests of the persons described in the Rule 23 Class.

88.    A class action is the most appropriate method for the fair and efficient resolution of the matters alleged in Counts II, III, IV and V.

89.    At all relevant times, Defendant employed Plaintiff and the persons described in the Rule 23 Class.

90.    At all relevant times, Defendant paid Plaintiff and the persons described in the Rule 23 Class.

## COUNT I – FLSA

91.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 76 as Paragraph 91 of this Count I.

92.    Plaintiff and the members of the FLSA Collective seek to recover from Defendant unpaid minimum wages and/or overtime wages, liquidated damages, attorneys' fees, and costs pursuant to Section 16 of the FLSA, 29 U.S.C. § 216.

93.    During the relevant period, and at Defendant's request, Plaintiff and the other members of the FLSA Collective performed labor for Defendant.

94.    In exchange for said labor, Defendant promised to pay and was otherwise obligated to pay Plaintiff and each other members of the FLSA Collective the applicable overtime wage of time and a half for all hours worked in excess of forty hours in any given workweek.

95.     Plaintiff and the other members of the FLSA Collective are entitled to be paid time and a half for all hours worked in excess of forty hours per workweek pursuant to Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206, 207.

96.     Defendant has failed to pay Plaintiff and the other members of the FLSA Collective the full amount due for all overtime hours worked, because Defendant did not pay them for the unpaid work described herein, in violation of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206, 207.

97.     Defendant's violation of the FLSA was willful.

98.     Plaintiff and the other members of the FLSA Collective have been damaged by not being paid the full amount of overtime wages due to them for all time worked in excess of forty hours per workweek, in an amount not presently ascertainable, for the relevant time period.

WHEREFORE, Plaintiff demands a trial by jury on this and all counts so triable, and prays that this Court award her the following relief under Count I: (a) grant Plaintiff's counsel leave to send notice of this lawsuit to the members of the FLSA and allow them the opportunity to opt-in as party plaintiffs pursuant to Section 16 of the FLSA, 29 U.S.C. § 216; (b) award Plaintiff and all persons who opt-in all unpaid overtime wages they earned, plus liquidated damages; (c) award Plaintiff and all persons who opt-in pre-judgment and post-judgment interest, as provided by law; (d) award Plaintiff and all persons who opt-in their attorneys' fees and costs; and (e) grant such further relief as this Court deems equitable and just.

## COUNT II – MISSOURI MINIMUM WAGE LAW

99.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 52 and 77 through 90 of this Count II.

100.    Plaintiff, individually and on behalf of all others similarly situated, seeks to recover

from Defendant unpaid minimum and overtime wages, statutory penalties, attorneys' fees, and costs pursuant to Section 527 of the Missouri Minimum Wage Law, R.S.Mo. § 290.527.

101.   At all times relevant, Defendant has been an "employer" as that term is defined by Section 500(4) of the MMWL, R.S.Mo. § 290.500(4).

102.   At all times relevant, Plaintiff and the members of the putative Rule 23 Class have been "employees" of Defendant, as that term is defined by Section 500(3) of the MMWL, R.S.Mo. § 290.500(3).

103.   At all times relevant, and at Defendant's request, Plaintiff and the members of the Rule 23 Class performed labor for Defendant.

104.   Defendant's practice of requiring and/or permitting Plaintiff and the members of the Rule 23 Class to work for Defendant but failing to pay the full amount of minimum wages for such time worked up to forty hours per workweek has resulted in Plaintiff and the members of the Rule 23 Class not being paid the full amount of minimum wages owed to them, in violation of Section 502 of the MMWL, R.S.Mo. § 290.502.

105.   Defendant's practice of requiring and/or permitting Plaintiff and the members of the Rule 23 Class to work for Defendant in excess of forty hours per workweek but failing to pay them 1.5 times their hourly rate for such time worked has resulted in Plaintiff and the members of the Rule 23 Class not being paid the full amount of overtime wages owed to them, in violation of Section 505 of the MMWL, R.S.Mo. § 290.505.

106.   Plaintiff and the members of the Rule 23 Class have been damaged by not being paid the proper amount of minimum and/or overtime wages due to them, in an amount not presently ascertainable, for the relevant time period.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands a trial by jury on this and all counts so triable, and prays that this Court award her the following relief under Count II: (a) certify the class defined in paragraph 82 pursuant to Fed. R. Civ. p. 23; (b) award Plaintiff and the members of the Rule 23 Class all unpaid minimum and overtime wages they earned, plus statutory penalties; (c) award Plaintiff and the members of the Rule 23 Class pre-judgment and post-judgment interest, as provided by law; (d) award Plaintiff and the members of the Rule 23 Class their attorneys' fees and costs; and (e) grant such further relief as this Court deems equitable and just.

## COUNT III – BREACH OF CONTRACT

107.   Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 52 and 77 through 90 as Paragraph 107 of this Count III.

108.   An employment agreement existed between the Plaintiff and Defendant and each similarly situated employee and Defendant, the terms and conditions of which include employees to perform services for Defendant and an agreement by Defendant to pay Plaintiff and other similarly situated employees at an agreed hourly rate for all work performed, including 1.5 times their regular hourly wages for overtime work.

109.   The agreements were made between parties capable of contracting and contained mutual obligations and valid consideration. Plaintiff and other similarly situated employees have performed all conditions precedent, if any, required of Plaintiff and other similarly situated employees under the agreement.

110.   Defendant failed and refused to perform its obligations in accordance with the terms and conditions of the agreement by failing to compensate Plaintiff and other similarly situated employees for all time worked on behalf of Defendant.

111.   Plaintiff and other similarly situated employees were thereby damaged in an amount to be determined at trial.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for (a) judgment against Defendant on Count III of the Complaint; (b) for an award of compensatory damages; (c) pre-judgment and post-judgment interest as provided by law; and (d) such other orders and further relief, including an award of costs and attorney's fees, as this Court deems just and equitable.

## COUNT IV – QUANTUM MERUIT

112.   Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 52 and 77 through 90 as Paragraph 112 of this Count IV.

113.   At Defendant's request, Plaintiff and other similarly situated employees provided services in the form of work for Defendant. These services had reasonable value and were performed at an hourly rate.

114.   Plaintiff and other similarly situated employees regularly would work off the clock before and after their shifts without being compensated for this time.

115.   Defendant recognized the benefits conferred upon them by Plaintiff and similarly situated employees.

116.   Defendant accepted and retained the benefits under circumstances that would render such retention inequitable.

117.   Defendant has thereby been unjustly enriched and Plaintiff and similarly situated employees have been damaged.

118.   The payment requested by Plaintiff for the benefits produced by her and other similarly situated employees is based on customary and reasonable rates for such services or like

services at the time and in the locality where the services were rendered.

119.   Plaintiff and similarly situated employees are entitled to damages equal to all unpaid wages due within five years preceding the filing of the original Complaint plus periods of equitable tolling.

120.   Plaintiff and similarly situated employees are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

WHEREFORE, on Count IV of this Complaint, Plaintiff, individually and on behalf of all others similarly situated, prays for (a) judgment against Defendants; (b) compensatory damages; (c) pre-judgment and post-judgment interest as provided by law; (d) award of costs and attorney's fees and (e) such other relief as the Court deems fair and equitable.

## COUNT V – UNJUST ENRICHMENT

121.   Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 52 and 77 through 90 as Paragraph 121 of this Count V.

122.   Plaintiff and other similarly situated employees conferred benefits on Defendant, and Defendant received such benefits conferred upon them by Plaintiff and other similarly situated employees.

123.   Defendant appreciated the fact of the benefits.

124.   Defendant accepted and retained the benefits in circumstances that render such retention inequitable.

125.   Defendant has thereby been unjustly enriched, and Plaintiff and other similarly situated employees have been damaged and not properly compensated for all time worked.

126.   Plaintiff and similarly situated employees are entitled to damages equal to all unpaid wages due within five years preceding the filing of this Complaint plus periods of equitable

tolling.

127.   Plaintiff and similarly situated employees are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

WHEREFORE, on Count V of this Complaint, Plaintiff, individually and on behalf of all others similarly situated, prays for (a) judgment against Defendant; (b) compensatory damages; (c) pre-judgment and post-judgment interest as provided by law; (d) an award of costs and attorney's fees and (e) such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues triable by jury.

James X. Bormes
Catherine P. Sons
Law Office of James X. Bormes, P.C.
8 South Michigan Avenue
Suite 2600
Chicago, Illinois  60603
(312) 201-0575


Thomas M. Ryan
Law Office of Thomas M. Ryan, P.C.
35 East Wacker Drive
Suite 650
Chicago, Illinois  60601
(312) 726-3400


Attorneys for Plaintiff

**BUTSCH ROBERTS & ASSOCIATES LLC**

By: /s/   David T. Butsch
David T. Butsch, #37539MO
Christopher E. Roberts, #61895MO
231 South Bemiston Ave., Suite 260
Clayton, MO 63105
Phone:  314-863-5700
Fax:  314-863-5711
Butsch@butschroberts.com
Roberts@butschroberts.com